# Isaac Sokoloff, Appellant, *v.* Abraham Weisberg and Lena, His Wife, Defendants, and Morris Feldman, Garnishee.

*Practice—Attachment execution—Checks — Subject for attachment—Motion for binding instructions.*

A certified check drawn by a judgment debtor to the order of the attaching creditor, and delivered to the garnishee without endorsement of the payee, is not subject to attachment in the hands of the garnishee, at the suit of a judgment creditor.

Where it appeared from the record that the garnishee held the check under an arrangement with the payee for certain commis-

sions owing to him, the garnishee did not have in his possession any property of the judgment debtor, and the verdict is properly rendered in his favor.

Argued October 17, 1923.  Appeal, No. 264, Oct. T., 1923, by plaintiff, from judgment of C. P. No. 1, Phila. Co., June T., 1921, No. 2924, on verdict for garnishee in attachment execution in the case of Isaac Sokoloff v. Abraham Weisberg and Lena, his wife, defendants, and Morris Feldman, garnishee.    Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAW-THROP, JJ.    Affirmed.

Attachment execution.  Before SHOEMAKER, P. J.

The facts are stated in the opinion of the Superior Court.

The court directed a verdict in favor of the garnishee and judgment was entered thereon.  Plaintiff appealed.

*Errors assigned* were the failure of the court below to give binding instructions in favor of the plaintiff, and the action of the said court in giving binding instructions in favor of the garnishee.

*George J. Edwards, Jr.,* for appellant.

*Alexander J. Brian,* for appellee.

PER CURIAM, November 19, 1923:

Sokoloff, with judgment against Weisberg, issued an attachment execution, bringing in Feldman as garnishee. They went to trial on an issue made by the interrogatories, the garnishee's answer and his plea of nulla bona. When the evidence was in (it was all offered by Sokoloff) each side moved for binding instructions; the garnishee's motion was granted, and the attaching creditor now complains of that action.

It was, of course, Sokoloff's duty to show that Feldman had property belonging to Weisberg, attachable under the statute. The controversy centered over a certified check in Feldman's possession described in the record as "being check of A. Weisberg, made payable to the order of Isaac Sokoloff, in the sum of $1,000, dated October 1, 1921, and drawn on the State Bank of Philadelphia, duly certified." It bore the memorandum "In re purchase of premises 306-12 Reed Street." It was not endorsed by the payee, Sokoloff, who was also the attaching creditor.

As the record does not show who caused the check to be certified, we pass questions that might arise if that fact appeared: see section 187, 188, 189, Neg. Ins. Law, 1901, P. L. 219; Brannan's Neg. Ins. Law, p. 399, etc.

Feldman testified "this check was turned by Sokoloff ......over to me, for a commission [exceeding $1,000] for services rendered in procuring the sale of 306-12 Reed Street"; and, he said, he insisted upon holding it for the purpose of "proving that the sale was negotiated, completed, as far as my part of the transaction was concerned." In his answers to the interrogatories he had stated he was employed by Sokoloff to sell 306 to 312 Reed Street to Weisberg. The record shows that Sokoloff's judgment against Weisberg antedated the real estate transaction. Feldman also testified that after obtaining Weisberg's agreement to buy, he delivered it to Sokoloff "who never returned the signed agreement."

As to Weisberg, it is clear the certification reduced his deposit in the bank by the amount of the check. If the garnishee, as he testified, holds the certified check under the arrangement with Sokoloff, the payee, on account of Sokoloff's obligation to him for commissions for making the sale of the real estate to Weisberg, the instruction to find for the garnishee was correct, which is all that need now be said, in view of the fact stated at bar that other garnishments involving this transaction, remain for disposition.

Judgment affirmed.